JAMES E. FERGUSON, Plaintiff-Appellee, v. JACQUELINE FERGUSON, Defendant-Appellant.

Second District   No. 2—85—0730

Opinion filed July 10, 1986.

Robert E. Canfield, of Canfield & Thorsen, of Rockford, for appellant.

Fernando L. Engelsma, of Alexander & Cicero, P.C., of Rockford, for appellee.

JUSTICE UNVERZAGT delivered the opinion of the court:

The defendant, Jacqueline Ferguson, appeals from the judgment of the circuit court of Winnebago County which ordered her former attorney to sign an order terminating all claims, including attorney fees, between the defendant and the plaintiff, James Ferguson, as of April 3, 1985. For the reasons set forth below, we affirm the trial court's decision.

The marriage of Jacqueline and James Ferguson was dissolved in 1976. On October 17, 1983, Jacqueline Ferguson petitioned the court to modify the original judgment and also requested that the court order James Ferguson to pay overdue child support. On January 31, 1984, the court heard testimony which related to the petition, and on February 15, entered an order which found "no amount in child support due." Jacqueline Ferguson appealed, and this court reversed and remanded the matter for trial in an order disposing of appeal pursuant to Supreme Court Rule 23 (87 Ill. 2d R. 23). That order held that the trial court had erred when it found that no arrearage existed.

On the morning of trial, counsel engaged in extensive discussions at the court. They kept their clients, also at the court, continuously informed. As a result of these discussions, the matter did not go to trial. At that time, James Ferguson tendered a check to Jacqueline Ferguson payable to the order of "Nancy H. Mindrup and Jacqueline Ferguson." Nancy Mindrup represented Jacqueline Ferguson in the matter. The court docket indicates that on that date counsel intended to present a stipulation to the court. Counsel conferred, however, and agreed to draw up a stipulation and enter it at a later date.

Subsequently, James Ferguson's counsel drew up a stipulation which dismissed "any and all matters of arrearage, contempt, support, attorney's fees and all other contested monetary issues between the parties as of April 3, 1985." Nancy Mindrup, Jacqueline Ferguson's counsel, refused to sign the stipulation. On June 5, the court granted James Ferguson's petition for entry of order. Specifically, the court found there to be a "full compromise of all matters between the Fergusons, including attorney's fees." Alternatively, the court found that the defendant, Jacqueline Ferguson, had waived attorney fees when she accepted a check with her attorney's name on it for $3,975. The court subsequently denied the defendant's motion for reconsideration, and on September 11, 1985, the defendant filed a notice of appeal.

The issue on appeal is whether the agreement between the parties which settled certain issues concerning child support also disposed of the issue of attorney fees, so as to preclude the defendant's request

for these fees following the return of this cause to the trial court. The defendant contends that the trial court's decision to enter the order which dismissed all matters including attorney fees was against the manifest weight of the evidence.

■ It is well settled that a judgment is against the manifest weight of the evidence only when an opposite conclusion is apparent, or when findings appear to be unreasonable, arbitrary, or not based on evidence. (*Duffek v. Vanderhei* (1980), 81 Ill. App. 3d 1078, 1087.) In addition, "[e]ven if the reviewing court disagrees with the trial court, or might have come to a different conclusion, the decision of the trial court will not be reversed if there is evidence to support it." *LaGrange Metal Products v. Pettibone Mulliken Corp.* (1982), 106 Ill. App. 3d 1046, 1052.

On appeal, the defendant contends that the trial court's finding that an accord and satisfaction existed with regard to attorney fees was contrary to the evidence. We believe, however, that there is adequate evidence in the record to support the trial court's findings.

■ ■ In general, an accord and satisfaction is a contractual arrangement whereby a creditor agrees to accept a partial payment from the debtor in full satisfaction of an unliquidated claim. The burden is on the party asserting the existence of the accord and satisfaction to show a meeting of the minds with intent to compromise an unliquidated claim over which there exists a *bona fide* dispute. (*Koretz v. All American Life & Casualty Co.* (1968), 102 Ill. App. 2d 197.) In the hearing on the petition for entry of order, Nancy Mindrup, the defendant's counsel, testified that she and counsel for the plaintiff negotiated for several hours on the morning the case was set for trial. As a result of these discussions, the parties reached an agreement with regard to the child-support arrearages, and the plaintiff tendered a check to the defendant for $3,975. Thus, it is undisputed there was an accord and satisfaction with regard to the child-support arrearages. The question in the present case, however, is whether the parties intended that this accord and satisfaction also encompass the issue of attorney fees.

Nancy Mindrup, counsel for defendant, and Paul Cicero, counsel for the plaintiff, both testified that they never mentioned the words "attorneys fees" during the settlement negotiations. In addition, the check itself stated "Full Settlement arrearages through 3-31-85 Re: Case #75D1726" and did not refer to attorney fees. It would appear, thus, that there was no meeting of the minds on the issue of fees.

■ It is well settled, however, that meeting of the minds may be gleaned from the words and acts of the parties. (*Windlow v. Wagner*

(1975), 29 Ill. App. 3d 172, 180, citing *Brubaker v. United States* (7th Cir. 1965), 342 F.2d 655, 661.) In this regard we believe that the trial court could not ignore Mindrup's testimony that (1) she requested that the plaintiff's counsel draw the check payable to her as well as the defendant; (2) she and the defendant had a contingency fee arrangement whereby she would automatically receive one-third of the proceeds; and (3) the check was, in fact, deposited into her trust fund and an amount deducted for her fees.

The defendant also acknowledged the contingency arrangement between her and Mindrup. The defendant further testified that she was aware that the check was payable to her order, as well as Mindrup's, when she endorsed it, although it was never explained to her that this amount covered attorney fees. We further note that after the March 11 negotiation, Mindrup made no motion to recover attorney fees. Thus, we believe that the trial court logically could infer from these events that both attorneys intended that the check resolve all pending matters and any subsequent disagreement occurred between the defendant and her own attorney.

██ ██ It is the function of the trier of fact to resolve conflicts in testimony. (*Gordon v. Dolin* (1982), 105 Ill. App. 3d 319, 326.) As a result, the judgment of the trial court sitting as trier of fact—which observed the witnesses, heard the testimony, viewed the exhibits and made careful and complete findings of fact—will not be disturbed by the reviewing court unless its findings are manifestly against the evidence. (*Jaffe Commercial Finance Co. v. Harris* (1983), 119 Ill. App. 3d 136, 142.) In light of the testimony at the hearing, it is clear that the parties and their counsel understood that the draft which resulted from the negotiations not only related to the core issue of child-support arrearages, but to attorney fees as well.

Accordingly, the judgment of the circuit court of Winnebago County is affirmed.

Affirmed.

SCHNAKE and STROUSE, JJ., concur.